FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                              )  Case No. 25-24205-C-11
                                    )
TOWN & COUNTRY EVENT CENTER LLC,)
                                    )
                Debtor.             )
_____)


**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND
ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND AUTHORIZING
IN REM REMEDY PRESCRIBED BY 11 U.S.C. § 362(d)(4)**

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

This stay relief motion presents a paradigm case for the "in rem" remedy provided by 11 U.S.C. § 362(d)(4).

This is the fourth related chapter 11 case in the past year involving the same real property subject to a secured loan in foreclosure that fully matured more than two years ago.

The pattern of filings warrants the conclusion that the present petition was filed in furtherance of a scheme to hinder, delay, or defraud creditors that involved multiple bankruptcy filings affecting the subject real property within the meaning of § 362(d)(4).


Findings of Fact

Town & Country Event Center LLC ("Event Center") and Town & Country West LLC ("West") are related shopping center entities whose principal is Waqar Khan.

1    Event Center owns real property located at 11354 White Rock
2 Road, Rancho Cordova, California.

3    West owns two adjacent real property parcels located at 2961
4 Fulton Avenue and 2501 Marconi Avenue, Sacramento, California.

5    The Event Center and West properties collateralize a loan
6 from Qualfax, Inc., that matured August 1, 2023, with an
7 outstanding balance of $3,441,176.28.

8    In second secured position is PMF CA REIT, LLC ("PMF"),
9 asserting it is owed $13,359,014.83 plus default interest of
10 $1,901,250.00.

11    The Sacramento County Tax Collector is owed $732,298.51.

12    There is a judgment lien in favor of Cap Holdings, LLC for
13 $107,358.00.

14    Qualfax contends the property value is $14 million in the
15 face of total secured debt of $19,541,097.62.

16    Event Center and West filed chapter 11 cases on October 7,
17 2024. As their affairs were intertwined and cross-collateralized,
18 Bankruptcy Judge Ronald Sargis ordered them to be jointly
19 administered: No. 24-24492 (Event Center) and No. 24-24493
20 (West), Bankr. E.D. Cal. 2024.

21    The Event Center and West cases were later converted to
22 chapter 7 by order of Judge Sargis. The lead chapter 7 trustee
23 concluded the three parcels of West and Event Center were of
24 inconsequential value and benefit to the estates and should be
25 abandoned. Judge Sargis' abandonment order was entered July 16,
26 2025.

27    Those two chapter 7 cases remain open because there are
28 other real property assets that have surfaced and are being

1  administered by the chapter 7 trustees.

2      On August 8, 2025, Judge Sargis granted relief from stay as
3  to the three West and Event Center shopping center properties.

4      The cases were reassigned on August 11, 2025, from Judge
5  Sargis to the undersigned on account of the imminent retirement
6  of Judge Sargis.

7      Waqar Khan, acting pro se, filed another chapter 11 case No.
8  25-24206, for Town & Country West, LLC on August 11, 2025, three
9  days after entry of Judge Sargis' stay relief order. That case
10 was dismissed by Chief Judge Clement on September 2, 2025, for
11 failure timely to file required documents.

12     Event Center filed its instant second chapter 11 case No.
13 25-24205 also on August 11, 2025.

14     Also on August 11, 2025, Khan sued Event Center and West in
15 Sacramento County Superior Court with a "Verified Complaint for:
16 1. Declaratory Relief; 2. Quiet Title as to Leasehold Priority;
17 3. Injunctive Relief (Protecting Unrecorded Lease Against Pending
18 Foreclosure)." <u>Waqar A. Khan v. Town & Country West LLC; Town &
19 Country Event Center LLC; Does 1-10</u>, Case No. 25CV019279,
20 Superior Court of California, County of Sacramento (filed Aug.
21 11, 2025, 3:14pm).

22     Khan admitted to the undersigned judge in open court on
23 October 8, 2025, that he either has recorded or plans to record a
24 lis pendens on the properties in connection with his state-court
25 action so as to function as a cloud on title in the event of

26

27

28

3

1  foreclosure.[1]

2       Qualfax filed its motion for stay relief and/or adequate

3  protection (DCN RDW-1) on September 4, 2025, in which it also

4  seeks a § 362(d)(4) determination that the filing of No. 25-24205

5  was in furtherance of a scheme to hinder, delay, or defraud

6  creditors involving multiple bankruptcy case filings.

7       Event Center did not file opposition to the Qualfax motion

8  made pursuant to the terms of Local Bankruptcy Rule 9014-1(f)(1),

9  which requires a written response if there is to be opposition.

10 Although entitled to treat the motion as unopposed, this Court

11 exercised its discretion to entertain an evidentiary hearing.

12      However, in the new Event Center case No. 25-24205 a

13 putative buyer, Prime Party Rentals, LLC, ("PPR") filed on

14 September 10, 2025, a motion to sell the Event Center property

15 (DCN LP-2) pursuant to 11 U.S.C. § 363.

16      The PPR § 363 motion has attracted universal opposition as a

17 sham because Khan, as managing member of PPR, is on both sides of

18 the transaction. The opponents allege it is further evidence of a

19 § 362(d)(4) scheme to hinder, delay, or defraud creditors.

20 Further evidence of the scheme is that the LP-2/PPR motion papers

21 do not disclose that Khan is PPR's managing member.[2]

22

23       [1] If and when the state-court action is removed
24    pursuant to 28 U.S.C. § 1452, this Court will be able to
         deal with any lis pendens that may be recorded. See Mora v.
25    SBS Trust Deed Network (In re Bula Developments, Inc.),
         Memorandum on Motion to Expunge Lis Pendens, 2025 WL 1338271
26    (Bankr. E.D. Cal. 2025).

27

28       [2]PPR's counsel will be given a due process opportunity
      to explain why his failure to disclose Khan's role and the

The United States trustee objects on multiple counts: (1) stay relief has already been granted in favor of the same parties on the financial facts; (2) there has not been disclosure that Khan is managing member of PPR; (3) PPR does not have standing to bring a § 363 motion to sell; (4) the sale is not an arm's-length transaction; (5) sale would not benefit the estate; and (6) sale of substantially all estate assets without sufficient information early in the case is not appropriate.

Creditor PMF CA REIT, LLC ("PMF"), asserting it is owed $13,359,014.93 plus default interest of $1,901,250.00, objects that: (1) Event Center lacked authority to file this chapter 11 case while Event Center is still a chapter 7 debtor; (2) the sale is a sham evidenced by the presence of Khan on both sides of the transaction; (3) the requirements of § 363(f)(4) and (5) have not been satisfied; and (4) PMF's interest is not adequately protected.

Creditor Qualfax filed an opposition reiterating the other objectors' points about PPR's lack of standing, insufficiency of facts for a § 363(f)(4) and (5), and lack of benefit to the estate.

In addition, Qualfax asserts the new chapter 11 case No. 25-24205 and the motion to sell were brought in bad faith and that Khan's state-court lawsuit against Event Center and West was an effort to obstruct Qualfax by clouding title on the properties.

---

making of a § 363 motion without standing do not violate Federal Rule of Bankruptcy Procedure 9011 and provisions of the California Rules of Professional Conduct regarding candor and attempts to mislead a court.

1

<u>Conclusions of Law</u>

2    The main issues are, first, whether to grant relief from the

3 automatic stay under 11 U.S.C. § 362(d) and, second, whether to

4 authorize the in rem remedy permitted by § 362(d)(4).

5

6                                    I

7    Relief from the automatic stay is appropriate for multiple

8 reasons.

9

10                                   A

11    First, the issues resolved in the August 8, 2025, order

12 vacating the automatic stay with respect to all three parcels of

13 West and of Event Center on the same facts remains entitled to

14 preclusive effect.

15    It involves the identical properties and debt profile. It is

16 sufficiently close in time and without any indication of a change

17 in circumstances that it functions to establish both "cause" (§

18 362(d)(1)) and "lack of equity + not necessary for an effective

19 reorganization" (§ 362(d)(2)).

20

21                                   B

22    Viewed independently, the secured intertwined and cross-

23 collateralized debt exceeding $19.5 million against value in the

24 range of $14 million establishes lack of adequate protection for

25 purposes of § 362(d)(1).

26    Likewise, "cause" also follows from the shenanigans of Waqar

27 Khan following the August 8 order, including filing the second

28 voluntary Event Center and West chapter 11 cases, concocting a

1    sham § 363 sale, and suing his voluntary debtors at the same

2    time.

3

4                                    C

5         Second, § 362(d)(2) lack of equity follows from the August 8

6    stay relief order because no facts have been advanced to change

7    the equity equation. If anything, the passage of time has

8    deepened the insolvency at a time that real property values are

9    not regarded as rising.

10        Nor is there an "effective" reorganization in prospect

11   within the meaning of § 362(d)(2), which requires a reasonable

12   possibility of a confirmed reorganization within a reasonable

13   time.

14        Khan's proposal for a § 363 sale to another Khan-controlled

15   entity on which he is on both sides of the transaction merits

16   zero credibility. For him to establish credibility after all his

17   gamesmanship would require him to bring into the courtroom $20

18   million greenback dollars to stack on the table.

19

20                                   II

21        The § 362(d)(4) "in rem" remedy is available with respect to

22   real property if the court finds that the filing of the petition

23   was "part of a scheme to delay, hinder, or defraud creditors"

24   that involved, among other possibilities, "multiple bankruptcy

25   filings affecting such real property." 11 U.S.C. § 362(d)(4).

26   Alakozai v. Citizens Equity First Credit Union (In re Alakozai),

27   499 B.R. 698, 702-03 (9th Cir. BAP 2013); Johnson v. TRE Holdings

28   LLC (In re Johnson), 346 B.R. 190, 195-96 (9th Cir. BAP 2006).

The terms of § 362(d)(4) require the Bankruptcy Court to make specific findings of fact and conclusions of law addressed to the elements of that provision. First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 870-71 (9th Cir. BAP 2012).

A

Parsing the syntax of § 362(d)(4) reveals that all that is required is proof either of a "scheme to hinder" creditors or a "scheme to delay" creditors. "Hinder" and "delay" are independently sufficient grounds for such relief against a background of multiple bankruptcy filings. Likewise, a "scheme to defraud" creditors is a third independent ground that need not be proved.

It suffices to prove either a purpose to hinder or a purpose to delay. In other words, intent to defraud is not essential.

The quantum of proof is the standard civil standard of preponderance of evidence.

A "scheme" need not exist from the outset of a series of multiple bankruptcy filings.

Here, the initial cases for West and Event Center were filed in October 2024 by reputable chapter 11 counsel with a record of achieving plan confirmations.

The onset of a scheme began with Khan's failure during the initial cases to cooperate with his counsel and his unwillingness to perform his duties as a debtor-in-possession. Those failures by Khan served as the cause for conversion of the cases to chapter 7.

Khan's successive failures to perform his debtor-in-possession duties and the three subsequent filings of chapter 11 cases for West and Event Center evince "schemes" to hinder and to delay for purposes of § 362(d)(4).

Khan's filing of the state-court action against West and Event Center, with the specter of lis pendens was, beyond cavil, for a purpose to hinder and to delay. The intent is palpable.

B

The "in rem" effect of a § 362(d)(4) order granting stay relief takes effect only after the Bankruptcy Court's order is "recorded in compliance with applicable State Laws governing notices of interests or liens in real property." 11 U.S.C. § 362(d)(4) (second sentence).

1

Any Federal, State, or local governmental unit that accepts notices of interest or liens must, as a matter of federal supremacy law, "accept any certified copy of an order described in this subsection for indexing and recording." 11 U.S.C. § 362(d)(4) (final sentence).

If, and only if, there is such a recording, then the order "shall be binding in any other case under this title [11] filed not later than 2 years after the date of the entry of such order by the court." 11 U.S.C. § 362(d)(4).

1     2

2     A safety valve procedure designed to ameliorate unfairness

3  is available to a debtor who "may move for relief from such order

4  based upon changed circumstances or for good cause shown, after

5  notice and a hearing."  11 U.S.C. § 362(d)(4).

6

7     3

8     The loop is closed by the corresponding statutory exception

9  to the automatic stay prescribed by § 362(b)(20):

10          (b) The filing of a petition ... does not operate as a
            stay – ...
11          (20) under subsection (a), of any act to enforce any
            lien against or security interest in real property following
12          entry of the order under subsection (d)(4) as to such real
            property in any prior case under this title, for a period of
13          2 years after the date of the entry of such an order, except
            that the debtor, in a subsequent case under this title, may
14          move for relief from such order based upon changed
            circumstances or for other good cause shown, after notice
15          and a hearing.

16   11 U.S.C. § 362(b)(20).

17

18     4

19     In any motion and hearing seeking the relief of the safety

20  valve, the debtor bears the burden of persuasion, and correlative

21  risk of nonpersuasion, that there are "changed circumstances or

22  other good cause."

23

24     5

25     The entry of a § 362(d)(4) order binds any party asserting

26  an interest in the affected property, including every non-debtor,

27  co-owner, and subsequent owner of the property. Alakozai, 499

28  B.R. at 704; First Yorkshire Holdings, Inc., 470 B.R. at 871.

***

Having made the requisite findings of fact and conclusions of law and being mindful of the consequences, burdens, and procedures for future relief, and the Court being persuaded that Khan's bad-faith scheme warrants immediate effect as permitted by Rule 4001(a)(4),

IT IS ORDERED: the motion for relief from stay is GRANTED because cause exists for relief under § 362(d)(1) and, independently under § 362(d)(2) because the debtor lacks equity in the subject real property (2961 Fulton Avenue, Sacramento, CA; 2501 Marconi Avenue, Sacramento, CA; and 11354 White Rock Road, Rancho Cordova, CA) and that no effective reorganization is in prospect.

AND, IT IS FURTHER ORDERED: this Court finds that the filing of the petition was part of a scheme to delay and to hinder creditors that involved multiple bankruptcy filings affecting the subject real property (2961 Fulton Avenue, Sacramento, CA; 2501 Marconi Avenue, Sacramento, CA; and 11354 White Rock Road, Rancho Cordova, CA) within the meaning of 11 U.S.C. § 362(d)(4).

AND, IT IS FURTHER ORDERED: the 14-day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived such that this order shall take immediate effect.

Dated: October 10, 2025

_____
United States Bankruptcy Judge