1    FOR PUBLICATION

2    **UNITED STATES BANKRUPTCY COURT**

3    **EASTERN DISTRICT OF CALIFORNIA**

4  In re:                          )   Case No. 25-24205-C-11
                                   )
5  TOWN & COUNTRY EVENT CENTER LLC,)
                                   )
6            Debtor.               )
   _____)

7

8    **OPINION AND ORDER IMPOSING RULE 9011 SANCTIONS**

9        A footnote in this Court's decision <u>In re Town & Country</u>

10  <u>Event Center LLC</u>, 673 B.R. 445, 449 n.2, 75 Bankr. Ct. Dec. 18

11  (Bankr. E.D. Cal. 2025) ("Town & Country Decision"), promised a

12  particular lawyer a due process opportunity to explain his

13  dubious activity. This is the rest of the story.

14       This Court issued to Attorney Lewis Phon an Order to Show

15  Cause why he did not violate Federal Rule of Bankruptcy Procedure

16  9011 and California's Rules of Professional Conduct when he filed

17  a third-party motion to sell real property free and clear of

18  liens supposedly pursuant to 11 U.S.C. §§ 363(b) & (f)(4)-(5) on

19  behalf of Prime Party Rentals, LLC ("PPR") as the putative buyer

20  of 11354 White Rock Road, Rancho Cordova, California 93472, which

21  was property of chapter 11 debtor Town & Country Event Center LLC

22  in Case No. 2025-24205.

23       The Order to Show Cause is Dkt. Item 89 and states the

24  procedural facts.

25       The response to the Order to Show Cause is Dkt. Item 106,

26  filed October 31, 2025. ("Phon Response"). This Court has taken

27  three months for cogitation and mature reflection regarding

28  appropriate action because it knows this is serious business in

1   the career of a professional.

2        Relevant facts are also stated in Dkt. Item 76 (Findings of
3   Fact and Conclusions of Law) and Dkt. Item 89 (Order to Show
4   Cause). No appeal was taken from the associated order that
5   imposed the multi-year in rem stay-relief remedy that Congress
6   designed for certain schemes designed to hinder, delay, or
7   defraud creditors per 11 U.S.C. § 362(d)(4).

8        The salient facts regarding Rule 9011 issues are that
9   Attorney Lewis Phon participated in an attempt to perpetrate a
10  fraud on the Court, which this Court has determined to have been
11  a scheme to delay and hinder creditors that involved multiple
12  bankruptcy filings.

13       The principal of debtor Town & Country is Waqar Khan, whose
14  shenanigans regarding Town & Country are documented in the Town &
15  Country Decision. The Phon Response admits that Phon knows and
16  has represented Waqar Khan but asserts he was not representing
17  Waqar Khan in this instance.

18       The specific focus here is on the motion filed by Phon on
19  September 10, 2025, on behalf of Prime Party Rentals LLC: Motion
20  to Allow Sale of Real Property, DCN: LP-2, filed 9/10/2025. Dkt.
21  30. ("PPR Motion").

22       The presentation of the PPR Motion during the time the stay
23  relief motions that formed the basis for the § 362(d)(4) in rem
24  order were pending was part of the orchestrated scheme by Waqar
25  Khan to hinder, delay, or defraud creditors. The purpose of the
26  putative sale was to erect a roadblock to the pending stay relief
27  motions. Khan also sued the creditors, threatening a lis pendens
28  to stall their foreclosures. The terms of the sale, which would

be a purchase of chapter 11 estate property by Waqar Khan and his son Haroon Khan had no credible economic substance and could not possibly have been authorized under the Bankruptcy Code.

Phon's assertion that he was not representing Waqar Khan is too sly to be believed.

The PPR Motion asserts that the proposed sale is permissible under 11 U.S.C. § 365(f)(4) and is permissible under 11 U.S.C. § 365(f)(5). The lack of merit of those assertions is assessed herein.

In support of the PPR Motion, Phon presented the Declaration of Haroon Khan. Dkt. 32.

Haroon Khan asserts in his Declaration that he is "an officer and representative of" PPR and that PPR has a "right of first refusal." No mention is made of Waqar Khan, who actually is Managing Member of PPR.

Neither the Haroon Khan Declaration nor the PPR Motion reveals that Haroon Khan is the son of Waqar Khan.

The omissions by Phon to reveal in the PPR Motion papers the relationship of Haroon Khan to Waqar Khan was no accident. Rather, the omissions were intended to mislead the Court.

Although Phon's PPR Motion papers are carefully worded to create the impression that Haroon Khan is in sole control, the public records of the California Secretary of State show that limited liability company Prime Party Rentals LLC was formed May 2, 2025, by Waqar Khan alone and that the "Managers or Members are," in the following order, Waqar Khan (2935 Fulton Avenue, Sacramento, CA 95821) and Haroon Khan (2935 Fulton Avenue, Sacramento, CA 95821). There is no Chief Executive

1  Officer listed. Cal. Sec'y State File No. BA20250999779

2  (5/2/2025).

3       The significance of May 2, 2025, is that at the time there

4  was then pending before Bankruptcy Judge Ronald Sargis a motion

5  to convert or dismiss the prior jointly administered chapter 11

6  cases of Town & Country Event Center, No. 24-24492, and Town &

7  Country West, No. 24-24493, both of which had been filed by Waqar

8  Khan. The motion to convert or dismiss was filed April 11, 2025,

9  and was granted by conversion to chapter 7 in June 2025. The

10 record reflects that Waqar Khan had consistently contended in

11 those cases that the properties would be sold, but there was no

12 progress on a sale.

13      The current case, No. 25-24205, was filed by Khan pro se

14 after the chapter 7 trustees abandoned the property.

15      The Phon Response, made under penalty of perjury, states:

16 "As to the status of Waqar Khan as an insider, my understanding

17 is that he has no stock nor ownership in Prime Party Rentals but

18 he does assist with management of its affairs. Nevertheless, the

19 final authority to decide for Prime Party affairs rests with his

20 son, Haroon Khan. Waqar Khan was not the proposed buyer." Phon

21 Response ¶ 27 (emphasis supplied).

22      The Phon Response further states: "Although I have

23 represented Waqar Khan in the past, I was not representing him

24 nor the debtor in this proposed sale." Phon Response ¶ 28.

25      Phon's testimony at Response paragraphs 27 and 28 is sly,

26 not credible, and is not believed. Waqar Khan was on both sides

27 of the transaction, and Phon knew it. Phon's phrase "my

28 understanding is" are classic weasel words and, in the context of

4

1   this case, should be construed as such and are also probative of

2   Phon's intent.

3       The Phon Response asserts that, as part of his prefiling

4   investigation he consulted with Attorney Jonathan Madison about

5   the proposed PPR sale. Madison had attempted to represent the

6   Town & Country debtor at the hearing that resulted in the Town &

7   Country decision.  Madison was engaged by Waqar Khan as counsel

8   for Town & Country as debtor-in-possession in the corporate case

9   that had been filed pro se by Waqar Khan and was allowed to be

10  heard at that hearing on the basis his employment application was

11  pending. The significance of the Phon response is that it is an

12  evidentiary admission that Phon was coordinating with Waqar Khan

13  and Madison in filing the PPR Motion.

14      This Court is persuaded by clear and convincing evidence

15  that Waqar Khan, as the founding principal Member of the proposed

16  buyer, was PPR's principal and hence was the buyer. This Court is

17  likewise convinced that Haroon Khan is no more than a straw man

18  who neither could nor would defy his father. It, for example, is

19  not a coincidence that Waqar and Haroon use the same address in

20  the PPR LLC registration papers filed with the California

21  Secretary of State.

22      Waqar's contemporaneous acts suing the secured creditors in

23  state court with the intention of interposing a lis pendens

24  expose the fiction of the putative sale to PPR as being a

25  legitimate arm's length transaction. Phon's "my understanding"

26  language was inserted by Phon to try to create plausible

27  deniability and elude responsibility.

28      It is beyond cavil that Waqar Khan is on both sides of the

1   proposed sale transaction. Phon's assertions that he did not know
2   that he was promoting a sham transaction and that he did not know
3   about the pending stay relief motions are not credible and are
4   not believed. Phon knew. Phon was a full-fledged participant in
5   Waqar Khan's orchestrated scheme.

6       The immediate concern in this OSC proceeding is Phon's
7   compliance with his duties regarding Rule 9011(b) certifications.
8   His filing of motion papers on the PPR Motion operated, as a
9   matter of law, as certifications that: (1) he had made an
10  "inquiry reasonable under the circumstances"; (2) that the PPR
11  Motion was not being presented for any improper purpose; (3) that
12  the claims, defenses, and other legal contentions are warranted
13  by existing law; and (4) that the factual contentions have
14  evidentiary support. Fed. R. Bankr. P. 9011(b).

15      The adequacy of Phon's Responses to the various
16  certification issues will be considered seriatim. The violation
17  of any one of the issues could warrant imposition of sanctions.

18
19                                  I
20              Inquiry Reasonable Under the Circumstances.
21      Phon was required to have made an inquiry reasonable under
22  the circumstances.

23      Failure to make an inquiry reasonable under the
24  circumstances may warrant Rule 9011 sanctions. Golden One CU v.
25  Fiedler (In re Fiedler), 654 B.R. 787 (Bankr. E.D. Cal. 2023);
26  aff'd, 2024 Westlaw 2137356 (9th Cir. BAP 2024); aff'd, 2025
27  Westlaw 1219007 (9th Cir. 2025)(prefiling restriction Rule 9011
28  sanction).

1    An inquiry by a party into its standing is also part of the

2    reasonable inquiry requirement. <u>In re Estate of Taplin</u>, 641 B.R.

3    236, 71 Bankr. Ct. Dec. 165 & 2022 Westlaw 2714513 (Bankr. E.D.

4    Cal. 2022) ($10,000 Rule 9011 sanction for no standing).

5    A reasonable inquiry for Phon would have included verifying

6    the bona fides of his LLC client by checking the

7    readily-available on-line California Secretary of State public

8    records that identify the Managers and Members of his client.

9    If Phon had checked the public records, he would have

10   recognized that Waqar Khan was on both sides of the proposed sale

11   transaction that Phon was seeking to have approved.

12   Reasonable inquiry would also have included verifying the

13   conclusory representation that PPR had a right of first refusal

14   and determining who had granted such a right, when, and on what

15   terms and how it fit into the transaction. Failure to have done

16   so does not suffice to cloak Phon with an excuse of plausible

17   deniability. At a minimum, Phon had a duty to disclose Waqar

18   Khan's relationship to PPR.

19   Moreover, a facet of Phon's "reasonable inquiry" duty was

20   for him to monitor the docket with respect to his own motion.

21   Phon's claim he was not aware of the various oppositions that

22   were filed to the PPR Motion is unpersuasive because he had a

23   continuing duty to monitor the docket regarding the PPR Motion,

24   which is readily available electronically. Once again, Phon's

25   effort to feign plausible deniability is unavailing.

26   The fact that Phon did not withdraw the PPR Motion, or at

27   least make corrective disclosures at the time of the hearing,

28   functioned as "later advocating it" for purposes of Rule 9011(b).

II

Improper Purpose - Rule 9011(b)(1).

Phon was required by Rule 9011(b)(1) to avoid any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs. Phon was mindful of the overall context in which foreclosures were pending and that the purported "sale" would, if approved, function to forestall a foreclosure that Waqar Khan was doing everything in his power, fair and foul, including suing the foreclosing creditors in state court, to prevent. The PPR Motion to sell for a sum considerably less than the debt occasioning foreclosure is a paradigm example of an improper purpose to cause both unnecessary delay and needlessly to increase litigation costs within the meaning of Rule 9011(b)(1).

III

Claims, Defenses or Other Legal Contentions, Warranted by Existing Law - Rule 9011(b)(2).

Phon made three specific legal contentions in the PPR Motion.

First, by filing the PPR Motion to sell pursuant to § 363, Phon certified that PPR had standing to make the motion. However, there is no theory under which PPR has standing to make a § 363 motion to sell because the plain language of Bankruptcy Code § 363 limits the sale power to the trustee or to the person performing the duties of the trustee (i.e., debtor in possession). The opening words of § 363(b)(1) ("the trustee, after notice and a hearing, may use, sell, or lease, other than

1   in the ordinary course of business, property of the estate") and

2   § 363(f) ("the trustee may sell property under subsection (b) of

3   this section free and clear of any interest in such property of

4   an entity other than the estate, only if") – are not hard to

5   understand.

6       PPR was neither the trustee nor the person performing the

7   duties of the trustee. In short, PPR had no standing to make a

8   motion under § 363.

9       Phon's assertion that he was "unaware" that § 363 is an

10  exclusive trustee power, rings hollow from a lawyer with decades

11  of bankruptcy experience practicing in the Northern and Eastern

12  Districts of California. Free and clear sales are common

13  proceedings in bankruptcy courts. CM-ECF records of the

14  Bankruptcy Court Clerks of the Northern and Eastern Districts

15  identify Phon as a counsel of record in a total of 441 cases (407

16  Northern; 34 Eastern). That is too much experience to believe

17  that Phon was "unaware" of the terms of § 363. It follows that

18  Phon violated Rule 9011(b)(2) by making an unwarranted legal

19  contention.

20      Second, Phon certified that § 363(f)(4) permits the proposed

21  sale on the basis that the secured interest was in bona fide

22  dispute. But Phon provided no factual basis to support the

23  proposition that there was a bona fide dispute.

24      One of the functions of the Order to Show Cause was to

25  afford Phon a due process opportunity to support his assertion of

26  the existence of a bona fide dispute. On that point, the Phon

27  Response provided nothing - zilch. There is no bona fide dispute.

28  Phon violated Rule 9011(b)(2) regarding § 363(f)(4).

Third, Phon certified that § 363(f)(5) permits the proposed sale on the basis the secured creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction. But Phon provided no basis to support the proposition that such a legal or equitable proceeding is available in this situation.

One of the functions of the Order to Show Cause was to afford Phon a due process opportunity to support his assertion that such a legal or equitable proceeding is available. On that point, the Phon response provided nothing - zilch. There is no such legal or equitable proceeding available. Phon violated Rule 9011(b)(2) regarding § 363(f)(5).

When Phon did not withdraw the PPR Motion and remained silent in the face of questions of standing, and applicability of §§ 363(f)(4) & (5) raised separately by the U.S. trustee and by the major creditors in filings and at the hearing, Phon placed himself, within the meaning of Rule 9011(b), as "later advocating" the bogus position supporting the sham insider sale in further violation of Rule 9011(b)(2).


IV

Evidentiary Support for Allegations and Factual Contentions - Rule 9011(b)(3).

Phon certified that there is evidentiary support for allegations and factual contentions in the PPR Motion. None was provided in support of the PPR Motion as filed.

One of the functions of the Order to Show Cause was to afford Phon a due process opportunity to provide the requisite evidentiary support. None was provided - zilch. Phon violated

10

Rule 9011(b)(3) in this respect.

V

<u>Bad Faith</u>.

Lest there be any doubt, this Court is persuaded that Attorney Lewis Phon filed and advocated for the PPR Motion in bad faith.

VI

<u>Sanctions</u>.

This is a situation in which the Court on its own initiated the sanctions proceeding by issuing an order to show cause pursuant to Rule 9011(c)(3).

The Rule 9011 violations are particularly serious because this Court is persuaded Lewis Phon was acting in bad faith in promoting what amounted to an attempted fraud on the Court, as well as furthering a scheme to hinder, delay, or defraud creditors in concert with Waqar and Haroon Khan and in coordination with Attorney Jonathon Madison.

A sanction imposed under Rule 9011 must, per Rule 9011(c)(4)(A), be limited to what suffices to deter repetition of the conduct <u>or</u> to deter comparable conduct by others similarly situated.

Because no party made a timely motion for sanctions under Rule 9011(c)(2), there is no Rule 9011 authority for shifting fees and expenses. Rule 9011(c)(4)(A)(iii). The lack of such a motion means that this Court cannot use Rule 9011 to order Phon to pay the fees and costs of the various counsel who were

required to contend with the PPR Motion, notwithstanding that, in true justice, there is a compelling case to be made for such fee shifting.

Available options for Rule 9011 sanctions when the court initiates a sanctions proceeding are: a nonmonetary directive (Rule 9011(c)(4)(A)(I)); or an order to pay a penalty into court (Rule 9011(c)(4)(A)(ii)).

This Court has considered and rejected nonmonetary sanctions, including the nonmonetary sanctions of requiring professional education, barring all appearances for a reasonable rehabilitative period, or of recommending to the District Court that it strike Phon from the rolls of attorneys admitted to practice in the U.S. District Court Eastern District of California.

Because this is a situation involving a bad faith attempt by a party without standing working in league with other parties to perpetrate a fraud on the court and a fraud on creditors, the interests of deterrence are particularly powerful in this case.

While an appropriate individual sanction would be to require payment of a penalty of $10,000.00 into court, the deterrence concern to stop this nonsense on the part of Phon, Khan, and of others similarly situated before it gets out of hand warrants ordering a penalty of $30,000.00 to be paid into court.

This Court is also mindful that this sanction might not be the end of the matter in light of Cal. Bus. & Prof. Code § 6068(o)(3)(reporting to the State Bar non-discovery sanctions exceeding $1,000.00). Although the Order to Show Cause required Phon to address the California Rules of Professional Conduct,

1   this Court will defer to the State Bar of California, which will
2   decide whether and how to deal with Phon.

3        Finally, this Rule 9011 sanctions award is without prejudice
4   to a party in interest attempting to pursue a remedy under a
5   theory other than Rule 9011. <u>See, e.g.</u>, <u>Caldwell v. Unified</u>
6   <u>Capital Corp. (In re Rainbow Magazine, Inc.)</u>, 77 F.3d 278, 284
7   (9th Cir. 1996) (holding <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43
8   (1991) applies in Bankruptcy Courts of the Ninth Circuit).
9   Whether to make such an attempt is left to the genius of counsel.
10       Accordingly,
11       IT IS ORDERED that Attorney Lewis Phon pay sanctions in the
12  amount of thirty thousand dollars ($30,000.00) for violation of
13  Federal Rule of Bankruptcy Procedure 9011(b) to the credit of the
14  United States;

15       IT IS FURTHER ORDERED that Payment shall be remitted to the
16  Clerk of the Bankruptcy Court for deposit into the United States
17  Treasury no later than March 11, 2026;

18       IT IS FURTHER ORDERED that a check payable to the Clerk of
19  the Court, U.S. Bankruptcy Court, shall include Case Number 25-
20  24205 with the words "Sanctions Due" along with a copy of this
21  Order. The payment shall be mailed or delivered to Clerk, U.S.
22  Bankruptcy Court, 501 I Street, Room 3-200, Sacramento,
23  California, 95814, Attention: Finance Department (Sanctions);

24       IT IS FURTHER ORDERED that if the $30,000.00 is not paid
25  timely, then the United States may collect by any legal means.

26       A separate judgment shall be entered.

27  Dated: February 11, 2026

United States Bankruptcy Judge

28

13

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Anthony Asebedo
3001 Douglas Blvd., Ste. 225
Roseville, CA 95661

Gabriel P Herrera
1331 Garden Hwy, 2nd Floor
Sacramento, CA 95833

Jonathan Madison
The Madison Firm
345 California Street
Suite 600
San Francisco, CA 94104-2635

Lewis Phon
Law Office of Lewis Phon
4040 Heaton Court
Antioch, CA 94509

Jennifer Tullius
Tullius Law Group
515 S. Flower St., 18th Floor
Los Angeles, CA 90071

Reilly D. Wilkinson
Scheer Law Group, LLP
155 N. Redwood Dr., Suite 100
San Rafael, CA 94903

Town & Country Event Center LLC
2935 Fulton Ave
Sacramento, CA 95821

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

United States Attorney's Office
Robert T Matsui United States Courthouse
501 I Street, 10th Floor
Sacramento, CA 95814